# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jeanine M. McCreary, | ) |
|                Plaintiff | ) Civil Action |
| v. | ) Docket No. (1:09-CV-299) |
| Redevelopment Authority of Erie, | ) Hon. Susan P. Baxter |
|                Defendant | ) |

Plaintiff's and Attorney's Brief in Opposition to Defendant's Motion for Imposition of Rule 11 Sanctions

Caleb L. Nichols, Counsel to Plaintiff
P.O. Box 1585
Erie, PA 16507
Phone: 814-838-1877
PA BAR ID #18773

## **BRIEF**

### **PLAINTIFF JEANINE M. MCCREARY'S AND CALEB L. NICHOLS' BRIEF IN OPPOSITION TO DEFENDANT REDEVELOPMENT HOUSING AUTHORITY OF ERIE'S MOTION FOR SANCTIONS AGAINST PLAINTIFF MCCREARY AND HER COUNSEL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE NO. 11.**

I. <u>IT IS PREMATURE FOR THE COURT TO CONSIDER AND DETERMINE WHETHER SANCTIONS SHOULD BE IMPOSED PURSUANT TO FED. R. CIV. P. 11.</u>

At this preliminary stage of the proceedings in the captioned matter, I advise that the Court either deny the Defendant's motion for the imposition of sanctions per Rule 11 or, alternatively, defer consideration of this issue until a later stage of the proceeding. Were the court to impose sanctions at this time, it would act on the basis of an incomplete and undeveloped record. It would be making a decision without the benefit of evidence that may be unearthed through discovery which may fully support and establish the allegations asserted in Plaintiff's original Complaint and the proposed Amended Complaint which has not yet been ruled on.

The language of section (b)(3) of Rule 11 contemplates that the issue of sanctions may follow plaintiff's opportunity to conduct <u>further investigation</u> or <u>discovery.</u> This is a constraint against rushing to judgment on the issue whether the time is ripe for consideration of imposing sanctions. In this case, neither party is prejudiced by allowing Plaintiff to proceed with discovery and time and truth will determine whether Rule 11 is appropriate. If, at some subsequent point in the proceeding, it is determined that the Defendant should be subjected to triable issues, then it cannot be said that the case was frivolous. If, however, it is determined that a case cannot be made against the Defendant, then the issue of sanctions may be resurrected and considered on the basis of a more complete record. The Court should weigh carefully the quantum of evidence which the Plaintiff has adducted to date as articulated in the original Complaint, Plaintiff's Brief (together with Exhibit 1) by which Plaintiff has documented $626,630.00 of damages and the four motions filed, the Third Motion having been deferred by the Court for resolution.

II. <u>THE IMPOSITION OF SANCTIONS AT THIS POINT WILL CONSTITUTE IRREVERSIBLE ERROR AND VIOLATE BASIC DUE PROCESS REQUISITES OF PLAINTIFF</u>

There is a profound concern that the premature imposition of sanctions which is accomplished without a hearing, without the opportunity to conduct further discovery and investigation would court the risk of doing irremediable damage to Plaintiff's case. While imposed pursuant to Rule 11, sanctions imposed at this juncture will unavoidably

constitute a dispositive ruling on the underlying merits of Plaintiff's case and injuriously prejudice Plaintiff's right to a fair trial of her claims. Unavoidably, such a premature ruling would mean that the Plaintiff's case is frivolous, that somehow it was brought for an improper purpose, and that Plaintiff's claims are unreasonable and without foundation. Further, such a premature ruling disregards certain procedural safeguards erected into the law for the benefit of the Plaintiff, i.e. Fed. R. Civ. P. 12(b)(6) assures that the Court must:

> "accept all factual allegations as true, construe the Complaint in the light most favorable to the Plaintiff, and determine weather, under any reasonable reading of the Complaint, the Plaintiff may be entitled to relief." <u>Phillips v. County of Allegheny</u> 2008 WL 2541694 (W.D. PA.).

Moreover, to the extent a premature imposition of sanctions is imposed, being tantamount to a dispositive ruling without a hearing, would not only be violative of basic due process, but would raise serious questions whether it comports with the preference expressed by Plaintiff, in executing the Part 2 (District Judge Option) on April 29, 2010. Query, Plaintiff and I, respectfully, question whether a premature ruling in this instance would accord with Fed. R. Civ. P. 72(a)? The troubling point is that, in our opinion, such a premature ruling should not be viewed as a nondispositive matter.

III. <u>CRITERIA FOR APPLYING RULE 11 SANCTIONS</u>

A review of Third Circuit case law discloses that a Court should refuse to impose sanctions unless, the moving party can show a complete lack of factual or legal support for a claim. In the Third Circuit, the legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is "reasonableness under the circumstances." <u>Ford Motor Co. v. Summit Motor</u> 930 F. 2nd 338, 289 (3rd Cir. 1991); <u>Teamsters Local Union No. 430 v. Cement Express, Inc.</u> 841 F. 2nd 66, 68 (3rd Cir. 1988). Reasonableness, in the context of Rule 11, has been defined as an "objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." <u>Ford Motor Co.</u>, supra, makes clear that sanctions are warranted only in "exceptional circumstances in which the claim is patently unmeritorious or frivolous." (See: <u>Schering Corp. v. Vitarine Pharma, Inc.</u> 889 F.2nd 490 (3rd Cir. 1989); <u>Pensiero v. Lingle</u> 847 F.2d 90 (3rd Cir. 1988). Rule 11 sanctions are never appropriate when the party's "only sin was being . . . unsuccessful." <u>Arab African International Bank v. Epstein</u> 10 F.3d 168, 175 (3rd Cir. 1993). Attorney's fees are to be sparingly awarded under <u>Christianburg Garment Co. v. EEOC</u> 434 U.S. 412 (1978), a case in which the United States Supreme Court enunciated the standard in these types of cases as being frivolous, unreasonable, or without foundation. Dicta contained in the case are instructive and cautionary and bear recital:

> ". . . it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not

>ultimately prevail, his actions must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success . . ." Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit. (Id. 433-434).

Moreover, Courts in the Third Circuit have been guided by equitable considerations in administering Rule 11. Some primary considerations are the ability of the offending party to pay, the public interest in encouraging particular suits and the conduct of the parties. <u>Soo San Choi v. D'Appolonia</u> 252 F.R.D. 366 (2008).

Pennsylvania Courts have also taken into account certain mitigating factors including the attorney's history of filing frivolous actions and the degree of frivolity.

Significantly, in an analogous case in which the prevailing defendant moved for payment of attorney fees, Judge McLaughlin denied the motion, citing <u>Judge Brody</u> in <u>Solomen v. Redwood Advisory</u> where "it lacks an arguable basis either in law or in fact." <u>Wagner v. Crawford Central School District et al</u> (Dkt. CA 04-264 E) (2006). (Exhibits 1 & 2).

IV. <u>AN OVERVIEW OF THE CASE (WHY SANCTIONS SHOULD NOT BE APPLIED PER RULE 11).</u>

The Plaintiff's Complaint and claims are reasonable and supported in law and fact and should not be viewed as frivolous or unreasonable.

First, Judge Cunningham of the Court of Common Pleas of Erie explicitly recognized in his ruling that Plaintiff had rights, not displaced by exercise of the reverter, which entitled her to recover the purchase price and monies which she actually invested in the project. To date, Plaintiff has documented damages in the sum of approximately $630,000.00. Included in these damages are payments of a mortgage on the property which she has been deprived of its entire use and the land ownership of which property is in limbo. In my opinion, it was reasonable to pursue this claim.

Second, Plaintiff's Third Claim for Relief is not time-barred for reasons discussed on pages 3 and 4 of Plaintiff's Brief dated February 15, 2010 and it raises at least an issue of fact, if not a ruling as a matter of law, as set fourth in Plaintiff's Third Motion for Declaratory Judgment (which the court deferred ruling).

Third, regarding the First Motion for Summary Judgment, Plaintiff's constitutional attack on the Right of Reverter Provision contained in the Redevelopment Agreement, if sustained by this Court, would render the Defendant's statute of limitation invalid would not preclude Plaintiff from asserting the Plaintiff's constitutional claims under the First and Second Claims For Relief of the Complaint. The Pennsylvania Supreme Court has ruled that a statute of limitation can not bar a

challenge to a constitutionally procedurally defective statute or policy. Nor can a court enforce a statute or policy that is procedurally defective and results in a landowner not being afforded his constitutionally guaranteed opportunity to challenge that ordinance or policy's validity. Because the Right of Reverter foreclosed or denied the Plaintiff's opportunity to legally challenge its validity in the Court, it is constitutionally unenforceable. Glen Gery (v) Zoning Hearing Board, A.2d 1033, 1044 (Pa. 2006).

Fourth, the First, Second, Fourth, Fifth, Sixth, and Seventh Claims for Relief contained in Plaintiff's Complaint are not time-barred for reason discussed on pages 8 and 9 of her Brief dated February 15, 2010. There are three reasons which are reasonably asserted on pages 8 and 9 that preclude the statute of limitations from erecting a time-bar on these claims, namely: (1) the actions occurred on or after December 27, 2007 by virtue of Zinerman v. Burch 494 U.S. 1141 (1989); (2) that the running of the statute of limitation is tolled; (3) and that the doctrine of continuing violation applies (p. 9 of Plaintiff's Brief).

Fifth, the issues which the Defendant raised with respect to the application of concepts of res judicata, and issue preclusion/claim preclusion are discussed in Plaintiff's Brief, dated February 15, 2010, pages 4,5,6, and 7.

Sixth, Plaintiff's discussion of the Rooker-Feldman Doctrine and Ripeness Requirements is found on pages 10 and 11 of her Brief dated February 15, 2010. Issues involving res judicata, claims and issue preclusion, Rooker-Feldman and ripeness are discretionary or prudential in nature – not jurisdictional – to the extent they are applied in determining whether or not it is appropriate for the court to assert federal jurisdiction over a matter.

Seventh, Plaintiff provides sufficient legal authority to refute Defendant's contention that it is an exclusive Fifth Amendment taking case or inverse condemnation case. (See pages 7 and 10 of Plaintiff's Brief dated February 15, 2010.) It was proper for the Plaintiff to pursue her claims on the denial of procedural due process.

Eighth, Plaintiff has submitted a proposed Amended Complaint which has not been ruled on by the Court.

Ninth, Plaintiff has requested the Court to amend her Seventh Claim for Relief as clarified in Paragraph X, page 12 of her Brief dated February 15, 2010. In addition, it is instructive to also review Supplemental Jurisdiction found on page 6 of Plaintiff's Brief of February 15, 2010. Under the Fourth Motion to Compel Disclosure of the identity of individuals who violated Plaintiff's constitutional rights by procuring a demolition permit in her name through forgery and facilitated the demolition of her property, as well as acted in concert with or at the direction of Defendant in violating Plaintiff's constitutional rights, this Court's attention is directed to Hafer (v) Melo et al, 502 U.S. 21, 31 (1991). State officials may be sued

in their individual capacities within the meaning of Section 1983. Analogously, Section 1981 reaches private acts of discrimination as well as public acts of discrimination. In addition, it is instructive to also review <u>Supplemental Jurisdiction</u> found on page 6 of Plaintiff's Brief of February 15, 2010.

Tenth, this Court is requested to carefully review all salient reasons offered by Plaintiff in the <u>Summary</u> on pages 12 and 13 of her Brief dated February 15, 2010.

        Respectfully submitted,

        <u>/s/ Caleb L. Nichols, Esquire</u>
        Caleb L. Nichols, Esquire
        P.O. Box 1585
        Erie, PA 16507
        Phone: 814-838-1877
        PA Bar ID #18773