## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Rowena Wagner )
_____ )
Plaintiff )
)
vs. ) No. CA 04-264 E
)
Crawford Central School )
District, et al., )
_____ )
Defendant )

HEARING ON __Argument on Motions__

Held on __Mon. 3-27-06 @ 2pm__

Before Judge __Sean J McLaughlin__

__Edith Bensen, Esq__          __Mark Kuhar, Esq__
__Caleb Nichols, Esq__         _____
Appear for Plaintiff            Appear for Defendant

Hearing begun __3-27-06 2:00pm__   Hearing adjourned to _____
                  __4:20pm__
Hearing concluded C.A.V. _____   Stenographer __Ron Bench__
                                      Clerk __RL Humphrey__

### WITNESSES:

For Plaintiff                    For Defendant

Witnesses:
~~π - Rowena Wagner~~
π's Exh 1  12-29-05 demand letter
π's Exh 2  Consent decree (proposed)   [Same document]
~~π's Exh 3  Proposed draft dated 1-31-06~~
Δ's Exh A  1-4-06 response to demand letter
Δ - Caleb Nichols
Δ's Exh B  2-2-06 letter to Judge McLaughlin from Caleb Nichols

*① Mtn for Attorney Fees - DENIED for reasons set forth on the record
② Mtn to Enforce Settlement Agmt - DENIED for the reasons set forth on the record

file:///A|/WAG-3-27.TXT

Case 1:09-cv-00299-SJM-SPB   Document 24-1   Filed 08/02/10   Page 2 of 9
Case 1:04-cv-00264-SJM   Document 50 (Court only)   Filed 04/27/06   Page 83 of 94

20   you certainly don't have to make a decision in open court, but

21   I'm trying to understand who the players are likely going to be

22   in terms of counsel, whether Mr. Nichols is going to continue

23   and you or just you or someone else. But, in other words, are

24   you telling me that's a decision that you and your clients will

25   be making in the immediate future?

65

1         MS. BENSON: I think it's safe to say that we

2   haven't all sat down -- not really set down and divided

3   responsibilities and so forth. But we'll sit down and do that

4   now. And I expect that I will continue to play a role in this

5   case.

6         THE COURT: That's fine. But I need to know for

7   purposes of future scheduling, etc., who the lead counsel on

8   this case is and who I should or members of my staff through

9   correspondence should be dealing with. I'm going to ask that

10  you advise my deputy clerk within one week as to that, all

11  right?

12        MS. BENSON: Yes, sir.

13        THE COURT: All right. Do you want to come up to

Case 1:09-cv-00299-SJM-SPB   Document 24-1   Filed 08/02/10   Page 3 of 9
file:///A|/WAG-3-27.TXT
Case 1:04-cv-00264-SJM   Document 50 (Court only)   Filed 04/27/06   Page 84 of 94

14  the podium. We have for consideration the application of

15  defendant Crawford Central Education Association's allowance

16  for attorney's fees and expenditures, essentially, incurred in

17  connection with getting out of this lawsuit, is that right?

18          MR. McEWEN: That's correct, your Honor.

19          THE COURT: And your position is as a prevailing

20  defendant under Section 1988 of the attorney's fees statute,

21  this is one of those rare instances in which I should assess

22  attorney's fees against the plaintiff, is that correct?

23          MR. McEWEN: That is correct, your Honor.

24          THE COURT: If I were to assess them, against whom

25  would I assess them, what are you asking me to do?


66


1           MR. McEWEN: Well, I'm working under the assumption

2   that it would have to be assessed against the party that

3   brought the lawsuit. Certainly some of the motivation behind

4   this motion has to deal with the way the suit was played out

5   and prosecuted.

6           THE COURT: Well, if we get to that point, I don't

7   know that we will, I'll figure it out, but I don't want to get

file:///A|/WAG-3-27.TXT
Case 1:09-cv-00299-SJM-SPB   Document 24-1   Filed 08/02/10   Page 4 of 9
Case 1:04-cv-00264-SJM   Document 50 (Court only)   Filed 04/27/06   Page 85 of 94

8 the cart before the horse. And I don't mean to put words in

9 your mouth, I can do this real quickly, and then you can tell

10 me if there's anything else you'd like to tell me, then I'll

11 hear from Mr. Nichols. But is it accurate to say that your

12 position is that the claims against your client were frivolous

13 and groundless within the meaning of Third Circuit law, is that

14 essentially it?

15     MR. McEWEN: That's true, your Honor.

16     THE COURT: All right. But there was an initial

17 motion to dismiss, correct?

18     MR. McEWEN: That's correct.

19     THE COURT: Which they survived in part, is that

20 correct?

21     MR. McEWEN: Yes.

22     THE COURT: Is this really one of those cases, the

23 rare case which the claims against the association were so

24 frivolous as to warrant fees or is it just one of those cases

25 where the claims, while not frivolous, were somewhat

67

1 far-fetched, like many cases are, and if I should award them in

Case 1:09-cv-00299-SJM-SPB   Document 24-1   Filed 08/02/10   Page 5 of 9
file:///A|/WAG-3-27.TXT
Case 1:04-cv-00264-SJM   Document 50 (Court only)   Filed 04/27/06   Page 86 of 94

2   this case, why wouldn't I award them in every case where a

3   defendant gets out?

4           MR. McEWEN: Well, I think the difference here, your

5   Honor, the reason we brought this, we didn't bring this motion

6   lightly. One of the primary bases for this may not have come

7   across entirely in the brief, was the complete lack of factual

8   support for any of the allegations that were made against the

9   association. To the extent that -- even when the plaintiff was

10  deposed and we attempted to ask her what the reason was, why

11  she believed the association had interfered with her ability to

12  gain employment with the district, she was really unable to

13  answer, her counsel objected on the basis that the complaint

14  speaks for itself, which was one of the more far-fetched

15  objections I had ever heard --

16          THE COURT: I'm sorry to interrupt you, but in

17  fairness to her, you wouldn't expect a client to understand the

18  legalities of what was going on?

19          MR. McEWEN: Not necessarily, your Honor, but I

20  would expect them to have some factual basis as to why they

21  decided to sue somebody. And she really was not able to come

22  up with that. The closest thing, after about 10 or 11 pages of

Case 1:09-cv-00299-SJM-SPB   Document 24-1   Filed 08/02/10   Page 6 of 9
file:///A|/WAG-3-27.TXT
Case 1:04-cv-00264-SJM   Document 50 (Court only)   Filed 04/27/06   Page 87 of 94

23  transcript was that -- that she was unhappy that some

24  association members didn't take any action after she went and

25  complained. But she went to them to complain two weeks before

68

1   she filed suit against us and nine months after the main

2   episode that prompted her lawsuit.

3           THE COURT: So, in essence then, I think it's

4   probably important for me to hear from Mr. Nichols, I read your

5   papers, but it is that the contract claims, the 1981 claims,

6   the 1983 claims and any other claim that was asserted really

7   lacked any, was not grounded in any fact or even colorable law

8   and, therefore, you're entitled to a fee.

9           MR. McEWEN: If I could add one more thing. Even in

10  the response, your Honor, the plaintiff raises some allegations

11  of conspiracy, where the association was in a conspiracy with

12  the district. These allegations periodically come up. There

13  is no facts that are even alleged in any complaint or revealed

14  in any of the discovery that would begin to support any acts

15  based on concerted activity or conspiracy. It's purely

16  fictional.

Case 1:09-cv-00299-SJM-SPB   Document 24-1   Filed 08/02/10   Page 7 of 9
file:///A|/WAG-3-27.TXT
Case 1:04-cv-00264-SJM   Document 50 (Court only)   Filed 04/27/06   Page 88 of 94

17      THE COURT: What was the date again, if you can

18 remember, that I ruled on the motion, your objections to the

19 motion to amend?

20      MR. McEWEN: Let me look that up. You issued an

21 order closing the case on January 13th. We had the argument on

22 January 12th, the same date as the settlement conference.

23      THE COURT: All right, thank you. They're trying to

24 get attorney's fees against you or your client from Crawford

25 Central, this is your opportunity to respond to that?

69

1      MR. NICHOLS: Well, very briefly, judge. We stand

2 on my submission, a copy which I hope you received, the brief

3 that we submitted.

4      THE COURT: I did.

5      MR. NICHOLS: If I may, just very briefly -- in

6 summarizing that. I'll first start off with your ruling,

7 February 25, 2005. Where I think the union moved to be

8 dismissed, you rejected their motion to dismiss, you denied

9 their motion to dismiss. And then over the next span of, since

10 that time, the court, while you dismissed them more recently,

Case 1:09-cv-00299-SJM-SPB   Document 24-1   Filed 08/02/10   Page 8 of 9
file:///A|/WAG-3-27.TXT
Case 1:04-cv-00264-SJM   Document 50 (Court only)   Filed 04/27/06   Page 89 of 94

11   the court I think very respectfully gave consideration to our

12   claim. I'd like to think that, as I see the case law here, all

13   the case law articulates is whether it's reasonable. Even

14   though they had lost. I think you used the correct term, if I

15   may use it again, if the court were to grant attorney's fees to

16   a defendant who feels that they have prevailed, I would just

17   say all the positions we put forward, I have set forth in the

18   brief, I think are very reasonable. We did prevail against the

19   union, but they were reasonable. There was some factual basis.

20   I think at the end of the day what is crucial here is that we

21   would ask the court to consider, as to the last statement we

22   made. And this echoes loudly and clearly throughout the case

23   law. This chilling effect, you put your finger on it just a

24   moment ago, if you ruled in this case for them, then the

25   standard becomes, what the standard becomes is for other

70

1   advocates of civil rights to enforce their civil rights, the

2   question here becomes very chilling.

3          THE COURT: I have your point, you can take a seat.

4          MR. NICHOLS: Thank you.

Case 1:09-cv-00299-SJM-SPB Document 24-1 Filed 08/02/10 Page 9 of 9
file:///A|/WAG-3-27.TXT
Case 1:04-cv-00264-SJM Document 50 (Court only) Filed 04/27/06 Page 90 of 94

5      MR. McEWEN: May I add one thing, your Honor?

6      THE COURT: No. This is an order. Well, yes, it's

7 not my style to cut people off.

8      MR. McEWEN: That's okay, your Honor.

9      THE COURT: This is an order.

10      ORDER

11      Presently pending before the court is an application

12 of defendant, Crawford Central Education Association, for

13 allowance of attorney's fees and expenses. Essentially, the

14 union defendant contends it is entitled to attorney's fees

15 pursuant to 42 U.S.C. Section 1988 as a prevailing defendant.

16 As stated in Barnes_Foundation_v._Township_of_Lower_Merion, 242

17 F.3d 151, (3rd Cir. 2001):

18      "As the Supreme Court held in Christiansburg, while

19 prevailing plaintiffs 'should ordinarily recover an attorney's

20 fees unless special circumstances could render such an award

21 unjust,' a prevailing defendant is entitled to attorney's fees

22 only 'upon a finding that the plaintiff's action was frivolous,

23 unreasonable or without foundation.' Nevertheless, it is not

24 necessary that the prevailing defendant establish that the

25 plaintiff had subjective bad faith in bringing the action in