IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEANINE M. MCCREARY | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 09-299Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | |
| REDEVELOPMENT AUTHORITY | ) | |
| OF THE CITY OF ERIE, | ) | Magistrate Judge Baxter |
| | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that Defendant's motion to dismiss [ECF No. 5] be granted. In light of this recommendation, Plaintiff's Third Motion for Declaratory Relief [ECF No. 15] should be denied. It is further recommended that the Motion to Withdraw as Attorney [ECF No. 20] be dismissed as moot and Defendant's Motion for Sanctions [ECF No. 21] be denied. The Clerk of Court should be directed to close this case.

**II.   REPORT**

**A.   Relevant Procedural History of this Federal Case**

On or about December 1, 2009, Plaintiff, represented by counsel, filed the instant action. As succinctly described by the state court:

> [Defendant] The Redevelopment Authority of the City of Erie transferred a blighted parcel of real property to [Plaintiff] Jeanine McCreary pursuant to a written contract with the understanding McCreary would 'rehabilitate' the premises. Not satisfied with McCreary's performance, the Redevelopment Authority reclaimed the property and demolished the building.

ECF No. 5-4, pages 1.

1

Plaintiff won an earlier action when the Redevelopment Authority first attempted to reclaim the property without following the mechanism outlined in the agreement between the parties. In the second action, however, after the property was reclaimed and destroyed, the Erie County Court of Common Pleas granted Defendant's Demurrer to Plaintiff's amended complaint, enforcing the agreement between the parties. Plaintiff had argued, among other things, that the terms of reverter to which she had been party in the agreement were harsh and unilateral. This judgment was unsuccessfully appealed to the Commonwealth Court (ECF No. 5-5), and the Pennsylvania Supreme Court denied the Petition for Allowance of Appeal (ECF No. 5-6).

Here, Defendant moves to dismiss because the case is based on precisely the same set of facts as the state court case, only espousing a few new claims in the federal complaint, which Defendant argues could have been brought in the state court.[1] Defendant also claims that the time for filing the federal complaint is not tolled by Plaintiff's state court action such that this case violates the applicable statute of limitations. Defendant's Motion to Dismiss Case as Frivolous, ECF No. 5. For her part, Plaintiff not only argues that certain of the claims brought here were not decided by the state court in its demurrer, but, she also argues that, in fact, the state court specifically remarked that the ruling did not limit Plaintiff's ability to seek other remedies available to her in law and equity. Plaintiff also argues that this complaint is not out of time because (1) "Plaintiff's [due process] Section 1983 claims became actionable when it could be determined that she would not receive any relief from the Pennsylvania Supreme Court on or about December 27, 2007 (Brief in Opposition to Motion to Dismiss, ECF No. 7, page 8);" and (2) there is a "continuing violation" by way of the fact that Plaintiff is still injured and has not yet won relief (Id., page 9).

---

[1] Plaintiff's Motion to Amend/Correct Complaint (ECF No. 10) is denied as futile by separate order this date because even after amendment the claims are still out of time and precluded by the doctrine of res judicata. Great Western Mining & Mineral Co. v. Fox Rothschild LLP, ___ F.3d ___, ___, 2010 WL 3035466 *14 (3d Cir. August 5, 2010)("Futility 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'")(quoting In re Merck & Co. Sec., Derivative, & ERISA Litig., 493 F.3d 393, 400 (3d Cir. 2007)).

B.  **Standards of Review**

1) **Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1)**

A defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.3d 884, 891 (3d Cir. 1977). In reviewing a facial attack, which addresses a deficiency in the pleadings, the court must only consider the allegations on the face of the complaint, taken as true, and any documents referenced in the complaint, viewed in the light most favorable to the plaintiff. Id.; Turicentro, S.A. v. Am. Airlines, Inc., 303 F.3d 293, 300 (3d Cir. 2002). "The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) citing Bell Atlantic v. Twombly, 550 U.S. 544, 554 (2007).

But when a 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, "we are not confined to the allegations in the complaint and can look beyond the pleadings to decide factual matters relating to jurisdiction." Cestonaro v. United States, 211 F.3d 749, 754 (3d Cir. 2000). In reviewing a factual attack, "the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case ... [N]o presumptive truthfulness attaches to plaintiff's allegations." Carpet Group Int'l v. Oriental Rug Importers Ass'n, 227 F.3d 62, 69 (3d Cir. 2000) citing Mortensen, 549 F.2d at 891. The party asserting subject matter jurisdiction bears the burden of proving that it exists. Id. See also Ballentine v. U.S., 486 F.3d 806, 810 (3d Cir. 2007) ("On a motion to dismiss for lack of standing, the plaintiff bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation."); M.M. v. Tredyffrin/Easttown Sch. Dist., 2006 WL 2561242, at *3 (E.D. Pa. 2006) ("When a defendant challenges subject matter jurisdiction, the plaintiff bears the burden of persuasion to prove that the case is properly before

the court.").

### 2) Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009)(quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949)("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls

for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556 n.3).

Recently, the Third Circuit expounded on the Twombly/Iqbal/Phillips line of cases:

> To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.'
>
> * * *
>
> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to 'show' such an entitlement with its facts. As the Supreme Court instructed in Iqbal, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.' This 'plausibility' requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11(3d Cir. 2009) (emphasis added) (internal citations omitted).

### C.    Statute of Limitations

Statutes of limitations are not "simply technicalities," but rather are "fundamental to a well-ordered judicial system." Board of Regents v. Tomanio, 446 U.S. 478, 487 (1980); see also U.S. v. Locke, 471 U.S. 84, 101 (1985). Two different time periods are in play here: as to the civil rights claims and the state contract claims. Regarding the former, the federal civil rights laws do not contain a specific statute of limitations for actions. However, it is well established that the federal courts must look to the relevant state statute of limitations. Wilson v. Garcia, 471 U.S. 261, 266 (1985) (later overruled only as to claims under the Security Exchange Act of 1934). In Pennsylvania, the statute of limitations for a civil rights violation is two years from the date of the alleged violation. See Garvin v. City of Philadelpia, 354 F.3d 215 (3d Cir. (Pa.) 2003); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir.(Pa.) 1996); and Burkhart

v. Widener University, Inc, 70 Fed.Appx. 52, 53 (3d Cir. 2003)(same for § 1981 actions).  As to the contract claims, the statute of limitations is four (4) years pursuant to 42 Pa.C.S.A. § 5525(a)(8).[2]

The date upon which a § 1983 claim accrues is a matter of federal law.  Albright v. Oliver, 510 U.S. 266, 280 n.6 (1994).  A claim accrues when the litigant knew or had reason to know of the injury.  Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir.1998).  Thus, the date when the plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the defendant, triggers the limitations period.  See Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (it is the wrongful act that triggers the start of the limitations period).  Importantly, here, accrual occurs "as soon as a potential claimant either is aware, or should be aware, of the existence and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong."  Keystone Insurance Company v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1999) overruled on other grounds by Klehr v. A.O.Smith Corp., 521 U.S. 179, 187 (1997).  A breach of contract claim accrues on the date the breach occurred, or in other words, when there is a right to sue based on a violation of the contract.  Leedom v. Spano, 436 Pa.Super. 18, 647 A.2d 221, 226 (1994).

The claims here accrued at the same time with regard to both of the limitations periods at issue. Defendant took final action on the property on October 21, 2005, when it exercised its Right of Reverter in compliance with the agreement between the parties.  At that point, Plaintiff no longer owned the property.  All of Plaintiff's claims stem from her allegations that the property was wrongfully reclaimed by the Authority.  However, because there is some allegation that Plaintiff did not receive notice that the Reverter had been exercised on that date, Defendant offers that the date on which the property was demolished may be used instead – November 23, 2005. Once the property was destroyed, Plaintiff knew for certain that she had been injured as she could no longer regain the property from Defendant.  Thus, if the claims had not accrued any

---

[2] Plaintiff attempts to attach a five (5) year statute of limitations to her claims pursuant to 42 Pa..C.S.A. § 5526, but as that section refers to actions for specific performance in a contract for the sale of real estate, it is not applicable to her case.

earlier because of an alleged failure to provide notice, they began to accrue at the very latest when she could see that the property was destroyed. At that point, Plaintiff knew her claimed injury – whether it is from a civil rights claim of racial discrimination, a claim of breach of contract or a claim for failure to provide due process, all of which she alleges here. Yet, this lawsuit was filed on December 1, 2009, over four years after the destruction occurred and these claims accrued.  Therefore, this lawsuit is out of time.

Plaintiff argues a number of things in opposition: (1) the claims that were not decided by the state court did not "accrue" until October 23, 2006, when the trial court opinion was filed granting the demurrer; (2) the claims accrued subsequent to December 21, 2007, when the Pennsylvania Supreme Court declined to hear her final appeal and she realized she would not receive any relief from the state courts; and (3) the limitations period should be tolled because there is a continuing violation.  Plaintiff's Brief, ECF No. 7 at pages 8-9.  Pursuant to the governing law reviewed above, the first two arguments are inaccurate because, as a matter of law, the action accrued when the property was reclaimed and demolished.

As to the claim that there is a continuing violation that tolls the running of the limitations period, a continuing violation is shown "when a defendant's conduct is part of a continuing practice[;] an action is timely so long as the **last act evidencing the continuing practice** falls within the limitations period."  <u>Brenner v. Local 514, United Broth. of Carpenters and Joiners of America</u>, 927 F.2d 1283, 1295 (3d Cir. 1991)(emphasis added).  Plaintiff makes the following arguments of a continuing violation:

> (a) "the Second Claim for Relief alleges damages and deprivation that are **continuing** in nature and as of this date Plaintiff's claim to legal ownership of property is in limbo (Plaintiff's Brief, ECF No. 7, page 9)(emphasis in original);"
> (b) "the demolition of the building/structure on Plaintiff's property on November 21, 2005 was a permanent destruction making her deprivation continuing until redressed (<u>Id.</u>);"
> (c)  the violations continue because the trial court, the Commonwealth Court, and the Pennsylvania Supreme Court ruled against her interests (<u>Id.</u>); and

7

>   (d) "a persistent pattern of antagonism has existed between Plaintiff and Defendant since 2003, manifesting [continuing] discriminatory animus (Id.)."

None of these arguments supports a claim of a continuing violation within the meaning of the tolling requirement.  First, the ownership of the property is not "in limbo" as the ruling by the state court places ownership with Defendant following reclamation. Second, Plaintiff is confusing the term "continuing violation" with a continuing quest for redress.  Plaintiff lost her lawsuit that was based on the claim that the property was wrongfully reclaimed and destroyed. The fact that she has not yet been redressed is the result of losing. The law does not provide Plaintiff opportunities to bring unlimited lawsuits until she "wins."  It was Plaintiff's choice to bring her claims in state court and not in federal court.  That choice does not relieve her from the requirement of the limitations statute.

For all of these reasons, the complaint should be dismissed as untimely filed.

### D.     Res Judicata

Defendant also argues that the doctrine of res judicata prohibits Plaintiff from bringing this lawsuit in federal court because the dispute was fully and finally decided by the Pennsylvania state courts in an earlier lawsuit.  The Court agrees.

>   Res judicata encompasses two preclusion concepts – issue preclusion, which forecloses litigation of a litigated and decided matter, and claim preclusion (often referred to as direct or collateral estoppel), which disallows litigation of a matter that has never been litigated but which should have been presented in an earlier suit.

Fullman v. Potter, 2010 WL 2616713, *2 (3d Cir. July 1, 2010) citing Migra v. Warren City School Dist. Bd. Of Educ., 465 U.S. 75, 77 (1984).

A federal court applying preclusion principles is bound by the Full Faith and Credit statute, 28 U.S.C. § 1738, and must give a prior state court judgment the same effect as would the adjudicating state. Migra, 465 U.S. at 81 citing Allen v. McCurry, 449 U.S. 90, 96 (1980). Specifically, as to section 1983 cases, the court must "apply the same preclusion rules as would the courts of the state." Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 461 (3d Cir. 1996). Therefore, Pennsylvania state law regarding claim preclusion must be applied to the case at

bar.

> Under Pennsylvania law, a final judgment on the merits by a court of competent jurisdiction will bar any identical future action between the parties and their privies. See, e.g., Hopewell Estates, Inc. v. Kent, 435 Pa.Super.471, 476, 646 A.2d 1192, 1994 (1994). All matters which might have been raised in the former suit as well as those that actually were raised are *res judicata* in a subsequent proceeding. Id. 'In determining whether *res judicata* should apply, a court may consider whether the factual allegations of both actions are the same, whether the same evidence is necessary to prove each action and whether both actions seek compensation for the same damages.' Hopewell Estates, 435 Pa.Super. At 477, 646 A.2d at 1194-95 (citing Mintz v. Carlton House Partners, 407 Pa.Super. 464. 475, 595 A.2d 1240, 1246 (1991)).

Id.

Under this test, Plaintiff's claims are res judicata here. This is true even for the additional claims Plaintiff brings in the federal complaint – claims under 42 U.S.C. §§ 1981 and 1983, and retaliation. Plaintiff alleges no new facts on which to base these new claims other than she did not prevail in the state court at the trial and appellate levels.

Specifically, none of the factual bases of the federal action is different than the situation as it stood when the property was reclaimed and destroyed in October and November of 2005. Her federal action arises out of that reclamation, which is the basis for the relief she seeks in her complaint.[3] See generally Complaint, ECF No. 1. Second, it is well-settled that her section 1981 and 1983 claims are cognizable in the state court and could have been, and arguably were, raised in the state lawsuit.[4] Bradshaw v. General Motors Corp., 805 F.2d 110, 112-13 (3d Cir. 1986)(section 1981 claims); Felder v. Casey, 487 U.S. 131, 139 (1988)(section 1983 claims).

---

[3] Plaintiff argues that the first two claims – alleging that she was not given a fair hearing on the reclamation and she was given unjust compensation – could have only occurred after the destruction of the property; however, even were that true the destruction occurred a month before the state court action was filed so that both of these claims could have been brought in the state action.

[4] This includes (1) the retaliation claim as retaliation "for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990); and (2) the "just compensation" claim as it is brought as a Fourteenth Amendment due process claim under section 1983, see Complaint, ECF No. 1, ¶ 28.

Third, to prove her case here, she will rely necessarily on the factual evidence surrounding the reclamation and destruction of the property, and other events, occurring in the fall of 2005, before she filed her state action. Finally, her request for damages includes compensation for the reclamation and failure to provide her with appropriate safeguards by way of hearings, among other things, for the reclamation and destruction. These are the same damages she sought in her state court action.

In opposition, Plaintiff argues that the state court judge did not rule on many of her claims, but rather dismissed the action based upon a narrow point – the enforceability of the re-entry/reverter provision of the Redevelopment Agreement. Plaintiff's Brief, ECF No. 7, pages 10-11. This is of no moment here as res judicata applies to claims that **could** have been brought, but were not, as well as claims that **were** brought, but not decided. Nevada v. U.S., 463 U.S. 110, 130 (1983)("[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for the purpose.")(quoting Cromwell v. County of Sac, 94 U.S. 351, 352 (1876)).

Having not found relief in the state courts on her claims, Plaintiff may not now litigate those same claims anew in the federal court.  Plaintiff's complaint should be dismissed based on the doctrine of res judicata.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss [ECF No. 5] be granted.  In light of this recommendation, Plaintiff's Third Motion for Declaratory Relief [ECF No. 15] should be denied.  It is further recommended that the Motion to Withdraw as Attorney [ECF No. 20] be dismissed as moot and Defendant's Motion for Sanctions [ECF No. 21] be denied. The Clerk of Court should be directed to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date

of service of objections to respond thereto.  See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                                S/ Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                United States Magistrate Judge

Dated: August 25, 2010