IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | |
|---|---|
| Jeanine M. McCreary, | ) |
|                 Plaintiff | ) Civil Action |
| | ) |
| v. | ) Docket No. C.A. 09-299 Erie |
| | ) |
| Redevelopment Authority of Erie, | ) Hon. Sean J. McLaughlin |
| | ) |
|                 Defendant | ) |


**PLAINTIFF'S WRITTEN OBJECTIONS TO THE
PROPOSED FINDINGS AND RECOMMENDATIONS
(MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION) REGARDING THE
CAPTIONED PROCEEDING RENDERED AUGUST 25, 2010**

      Through her counsel, Plaintiff, Jeanine M. McCreary, respectfully requests the Court to conduct a de novo review of the referenced Magistrate Judge's Report and Recommendation per Fed. R. Civ. P., Rule 72(b)(2) and (3). As noted below, Plaintiff has assigned specific errors found in the Magistrate Judge's Report and hereby requests this Court to make findings and legal conclusions accordingly, and reject or modify the recommended disposition and to allow Plaintiff to adduce further evidence in support of her claims.

    (1)   <u>Plaintiff's Third Claim For Relief of the Complaint and the Third Motion filed by Plaintiff Requesting a Declaratory Ruling should be allowed to proceed under the four (4) year statute of limitations found in 42 Pa.C.S.A. §5525(a)(8).</u>

            Insofar as the Plaintiff's contract claim is concerned, Judge Baxter concluded that the generic four (4) year statute of limitations applied and that the statute of limitation commenced to run no later than November 23, 2005, when the building on the property was destroyed and that Plaintiff's contractual cause of action accrued at the same time when the demolition of the property occurred, November 23, 2005. Significantly, Judge Cunningham rendered his decision on October 23, 2006, and by his ruling, Plaintiff was recognized by the Court as having certain remedies including the right to

seek recovery of her investment and sums expended for work on the project. However, Judge Cunningham refused to accord Plaintiff access to the Court to vindicate or enforce her contract claims, ruling such claim had not yet ripened. This means that as of October 23, 2006, Plaintiff had no tribunal, venue or forum to bring her lawsuit or contract claims. Likewise, she could not bring the breach of contract claim in this federal court since it was a state law claim not amenable to federal court jurisdiction. Due to the foregoing, it is my opinion that the Third Cause of Action of the Complaint did not accrue as of November 23, 2005, nor October 23, 2006, nor anytime subsequent thereto so as to trigger the running of the four (4) year statute of limitations. Judge Cunningham did not state when the Plaintiff's contract cause of action would ripen or accrue, thus enabling Plaintiff to seek a determination on the underlying ownership claims to the property. Further, because Judge Cunningham's decision is <u>incomplete</u>, providing Plaintiff no remedy and open-ended specifying no date when the Plaintiff's remedy would accrue or ripen for litigation purposes, it was improper to apply the concept of res judicata to foreclose further consideration of Plaintiff's contract claims, as Judge Baxter recommended. It is neither fair nor legally correct to allow the statute of limitations to run against Plaintiff when she had access to neither the state nor federal court. Therefore, the Court is requested to schedule an oral argument or hearing to receive further evidence as to when the four (4) year statute should commence to run once it is determined when the contract action accrued and ripened. Plaintiff has no objection to the application of the four (4) year statute of limitations provided it is construed to apply and begin to run subsequent to October 23, 2006, the date Judge Cunningham handed down his decision stating that Plaintiff's claims were not ripe for adjudication.

(2)  <u>The Five (5) Year Statute (42 Pa.C.S.A. 5526) Should Apply to Plaintiff's Claim</u>

Regarding Plaintiff's contract claims alleged in the Third Claim For Relief, Judge Baxter ruled that the applicable statute of limitation is four (4) years pursuant to 42 Pa.C.S.A. §5525(a)(8). Conversely, she concluded that the five (5) year statute of limitations found in 42 Pa.C.S.A. §5526 is not applicable to Plaintiff's case (See Magistrate Report, p.6, footnote 2.). Plaintiff respectfully disagrees with this legal conclusion. Section 5525(a) is very generic in terms of the contracts it applies to including tangible personal property. Interestingly, it does not specifically refer to transactions involving realty. Clause 8 of Section 5525(a)(8) specifically provides and contemplates the application of the five (5) year statute of limitation provided in 42 Pa.C.S.A. §5526 ". . . <u>except an action subject to another limitation specified in this subchapter</u>." The statutory basis contained in Section 5526(2) and (3) are more appropriately and specifically applicable to this realty transaction involving a breach

of contract for which Plaintiff seeks relief to reclaim her equitable and legal ownership of the property, restitution for sums paid and invested in the property, damages for breach of the Redevelopment Agreement, as well as specific performance or injunctive relief requiring the Defendant to rebuild her four unit residential structure on the premises.

The statutory parameters of Section 5526 encompass Plaintiff's breach of contract claim for damages for non-performance of the contract or refusal of the Defendant to make available to the Plaintiff a good title. The core issue lodged in the Third Claim For Relief is the breach of contract issue and the issue involving legal ownership of the property, as evidenced by the title.

Because the Defendant wrongfully reclaimed the ownership and possession of the property, and since the basis upon which the Defendant exercised the so-called right of reverter to reclaim the property involves a contested issue of fact regarding breach of the contract, and the legal ownership of the property, this matter properly falls within the purview of Section 5526 for purposes of applying the statute of limitations. The deed of record is dispositive and controlling for purpose of establishing ownership of the property. Yet the Defendant was not shown of record as the legal owner of the property when it was demolished in November 2005. Growing out of the breach of contract actions is the overriding issue concerning ownership and title to the real estate which is at the heart of disputes governed by Section 5526(2). The historical purpose of Section 5526 is to assure greater certainty of title. It allows an action for money damages where the seller refuses to transfer title. <u>In Re: Joshua Hill, Inc</u>. 199 B.R. 298 (1996).

(3) <u>Plaintiff's Third Motion For Declaratory Relief Should Be Granted</u>

In her conclusions, Judge Baxter recommended that Plaintiff's Third Motion for Declaratory Relief should be denied. The Court should not accept this recommendation. First, the Court is requested to carefully review Plaintiff's Third Motion for Declaratory Relief. Unless this Court allows Plaintiff to vindicate those contractual rights and remedies to which Judge Cunningham specifically alluded, she has no other fact-finding venue to turn to. Those remedies include Plaintiff's right to seek at least sums which she paid for and invested in the property. Necessarily, the Court should allow Plaintiff to invoke its equitable jurisdiction and to seek relief in the nature of restitution to recoup her investment. Unfortunately, due to Defendant's deprivation of Plaintiff's property interest, Plaintiff finds herself with a dilemma of

having to pay a long term mortgage on a property whose legal ownership is in limbo and in which she has been deprived of all use and benefit. Being on the equity side of the Court, my view is that the exercise of a restitution remedy is not constrained by the legal dictates of statutes of limitations, but rather the concept of laches, i.e., whether Plaintiff slept on her rights in light of the diligence with which she sought to prosecute her claims. Being equitable in nature, the application of laches is for the Court to determine. Moreover, because this transaction involves the breach of a real estate transaction, Plaintiff can only be made whole for damages sustained by affording her full and plenary equitable remedies. <u>Eckman v. Commonwealth, Dept. of General Services</u> 587 F.3d 1389, 1390 (Pa. 1991). In this regard, I direct the Court's attention to Exhibit 1 (attached to Plaintiff's Brief, dated February 15, 2010). Equity requires that Plaintiff be given at least a hearing to substantiate these losses, damages and deprivations. Because land is unique, the Plaintiff, being a party to a Redevelopment Agreement, should be able to recover, not only money damages, but such other equitable remedies such as specific performance and restitution that is available at law and in equity. <u>Petry v. Tanglewood Lakes</u> 514 Pa. 51, 522 A.2d 1053 (1987); <u>Payne v. Clark</u> 187 A.2d 769 (1963).

(4) <u>The So-Called Right of Reverter was Unlawfully Applied to Plaintiff and Denied Her Right to Constitutional Due Process in Violation of the Fourteenth Amendment</u>

As best as I can determine, Judge Baxter did not directly address the serious constitutional issues which Plaintiff set forth in her First and Second Claims For Relief of her Complaint. I request the Court to carefully review these allegation, believing as we do that Plaintiff has at no time in the state tribunals received the type of due process which the Constitution demands. The reverter was applied so as to require that she surrender her constitutional right to a hearing or to be able to challenge any administrative actions taken by the Defendant. To the extent that Judge Cunningham judicially approved the so-called Right of Reverter, recognizing its enforceability, in my opinion, Plaintiff's property rights were materially infringed and these deprivations occurred in the absence of any fact-finding hearing having been afforded Plaintiff. At no time was Plaintiff afforded the opportunity to offer documentary and testimonial evidence showing that Defendant breached the Redevelopment Agreement as alleged in the Third Claim For Relief or to establish her legal ownership claims to the property. Plaintiff was not afforded the opportunity to show that the permit which purportedly authorized the demolition of her property was procured by fraud. Procedural due process requires, at a minimum, that Plaintiff be afforded an evidentiary hearing. <u>Daniels v. Williams</u> 106 S.Ct. 662, 677 (1986); <u>Goldberg v. Kelly</u> 397 U.S. 254

(1970). An evidentiary hearing encompasses the right to confront witnesses, the right to oral presentation of evidence, the right to oral presentation of arguments, the right to cross-examination, the right to disclosure of opposing evidence, and the right to a determination based solely on evidence at hearing. We take the view that the manner in which so-called Right of Reverter was applied to Plaintiff was unconstitutional because:

(a) It violated Plaintiff's constitutional right of access to the Courts and to petition the government for grievances in violation of the First and Fourteenth Amendments. Anderson v. Davila 125 F.3d 148, 161 (3rd Cir. 1997).

(b) It allowed Plaintiff to be deprived of her property rights without an evidentiary hearing.

(c) Being a defective constitutional policy as applied by the Defendant, it would not bar Plaintiff from asserting her First and Second Claims For Relief of the Complaint. The Pennsylvania Supreme Court has ruled that a statute of limitation cannot bar a challenge to a constitutionally procedurally defective ordinance or policy. Nor can a Court enforce an ordinance or policy that is procedurally defective and results in a landowner not being afforded his constitutionally guaranteed opportunity to challenge that ordinance's or policy's validity. Because the so-called Right of Reverter foreclosed or denied Plaintiff's opportunity to legally challenge its invalidity, it is constitutionally unenforceable. Glen-Gery v. Zoning Hearing Board 907 A.2d 1033, 1044 (Pa. 2006). Simply put, if the so-called reverter is found to have violated Plaintiff's procedural due process rights, the statute of limitation constraints are inapplicable.

(d) I urge the Court to carefully review Plaintiff's Brief, dated February 15, 2010, in particular:
   Civil Rights Actions (p. 6)
   Due Process Requisites (p. 7)
   Exxon Mobil Corp. v. Sandi Basic Industries (p. 10).


It is my opinion that Exxon Mobil Corp. allows this Court, in the exercise of its prudential authority, to declare the so-called Right of Reverter unenforceable even

though Judge Cunningham ruled otherwise. It is the so-called reverter which Plaintiff challenges as invalid and the cause of her deprivation, not Judge Cunningham's decision.

(5) <u>The Procedural Due Process Claims lodged under the First and Second Claims of the Complaint (and to the extent an evidentiary hearing is applicable to the Third Claim For Relief) as outlined on page 7 of Plaintiff's Brief filed on February 15, 2010.</u>

The Magistrate Opinion misconceived and misapplied the constitutional procedural mandates, as they apply, to determine when a cause of action accrued for the purpose of determining when a constitutional violation has occurred. (See: First and Second Paragraphs of Magistrate's Report, page 6).

However, as articulated in Plaintiff's Brief, dated February 15, 2010, a constitutional violation actionable under section 1983 is not complete unless and until the state fails to provide due process (p. 7). Plaintiff could not have known the answer to that question until she had exhausted her appellate remedies which she pursued by appeal throughout all Pennsylvania appellate Courts. Contrary to the erroneous conclusion reached by the Magistrate's Report, the dispositive and controlling law in determining when the causes of actions lodged under the First, Second and Third Claims For Relief of the Complaint accrued and became actionable is the time when it could be determined that the state had failed to provide Plaintiff constitutionally adequate due process. <u>Zinerman v. Burch</u> 494 U.S. 1141 (1989); <u>Cleveland Board of Education v. Loudermill</u> 470 U.S. 532, 542 (1985). I do not believe it is correct or persuasive to conclude, as the Magistrate Report stated on page 6, that a claim accrues when the litigant knew or had reason to know of the injury, for the purpose of pursuing redress for violation of procedural due process as made actionable by section 1983. The crux of the dispute between Plaintiff's view regarding the accrual of the First, Second and Third Claims for Relief and the conclusion asserted by the Magistrate's Report is that the former believes the time of accrual is determined by federal due process requirements as distinguished from the latter which concludes that a breach of contract accrues on the date when the breach occurred, and there is a right to sue based upon breach of the contract. It is conceded that the date upon which a section 1983 claim accrues is a matter of federal law. <u>Albright v. Oliver</u> 510 U.S. 266, 280 (1994).

However, what is not conceded is that the Plaintiff was somehow divested of her ownership rights to the property as of October 21, 2005, the date the Defendant exercised the so-called Right of Reverter and sought to reclaim the property. In reaching this problematical conclusion, the Magistrate Report <u>assumes</u> in the absence of established legal and factual basis, that the exercise of the reverter is free from

constitutional defects and impediments as outlined above. Because this conclusion has been reached without an evidentiary hearing upon which the property ownership rights of the parties were fully adjudicated, it must be said the parties claims to ownership interest in the property remain in limbo. It is this reason why Plaintiff believes the conclusion reached by the Magistrate Report is flawed and erroneous and should not be accepted by the Court as a basis to conclude that Plaintiff's First, Second and Third Claims for Relief (or, for that matter, the civil rights claims asserted in the Fourth, Fifth, Sixth and Seventh Claims For Relief) are time-barred.

(6) PLAINTIFF'S CLAIMS FOR RELIEF ARE NOT BARRED BY THE STATUTE OF LIMITATIONS

In addition to the foregoing discussion regarding why the First, Second and Third Claims For Relief of the Complaint are not time-barred, Plaintiff further takes the position that the Fourth, Fifth, Sixth and Seventh Claims For Relief are also not time-barred.

First, the Plaintiff takes the same position that the civil rights claims lodged in these allegations did not become actionable or accrue before December 27, 2007 when the Pennsylvania Supreme Court declined to hear her appeal. This view is consistent with Plaintiff's previous discussion of procedural due process, the Zinerman-Loudermill Supreme Court rationale, on the issue when a cause of action accrues for the purpose of initiating a constitutional action including procedural due process and civil rights claims by virtue of section 1983 actions.

There is also Plaintiff's alternative grounds why this Court should toll the running of the applicable statute of limitations by applying the Continuing Violation Doctrine as outlined and discussed on pages 8 and 9 of Plaintiff's Brief dated February 15, 2010.

Unfortunately, Judge Baxter summarily dismissed Plaintiff's request to apply the Continuing Violation Doctrine, stating that the title to the property was not in limbo, citing Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America 972 F.2d 1283, 1295 (3rd Cir. 1991). In Brenner, supra, the Third Circuit focused upon the time of the occurrence of the discriminatory acts, and on remand, directed the trial court to allow some plaintiffs to make use of the Continuing Violation Doctrine (Id. p. 1299). If allowed a hearing, Plaintiff believes she can show that the last discriminatory act by Defendant against Plaintiff evinces a continuing practice which falls within the limitation period. Illustrative of these discriminatory acts and practice of Defendants are the allegations set forth in the Fourth, Fifth, Sixth and Seventh Claims For Relief

of the Complaint. The Court is respectfully requested the opportunity to adduce and offer additional evidence in support of her efforts to invoke and apply the Continuing Violation Doctrine to the Fourth, Fifth, Sixth and Seventh Claims for Relief.

(7) <u>The Magistrate Report misapplied the Concept of Res Judicata, concluding that Plaintiff is prohibited from bringing this lawsuit in Federal Court because the dispute was fully and finally decided by the Pennsylvania State Courts in an earlier lawsuit (p.8).</u>

    (a) First, the predicate for the application of res judicata did not exist, contrary to the conclusion stated in the Magistrate Report. At no time has there been a full, fair and final adjudication of the underlying merits of Plaintiff's claims including her bona fide claims to ownership of the property. This is true because there has been no evidentiary hearing afforded Plaintiff to state her claims in the type of hearing which constitutional due process requires. Therefore, the Magistrate Report is not correct to the extent that it stated that the Magistrate Judge recommends that Full Faith and Credit be accorded Judge Cunningham's decision which cannot be viewed <u>as a final judgment on the merits</u>. In fact, Judge Cunningham specifically stated that Plaintiff reserved rights and remedies presumably to be exercised in the future including the right to seek recoupment of her investment.

    (b) the remedies which the Plaintiff seeks in her federal lawsuit are more far-reaching than those asserted in the state lawsuit including a type of injunctive remedy requiring Plaintiff to rebuild her demolished property as well as compensation for pain and suffering arising out of violation of her civil rights. Moreover, in her federal lawsuit she requests the Court to affirm her legal ownership of the property as well as requests a hearing on her claims. Res judicata does not bar a subsequent action where the damages for which relief was sought in the earlier action are different. Further, as a condition to applying res judicata, among other things, it must be shown that the issue in the federal lawsuit is <u>identical</u> to the one which was presented in the state lawsuit and <u>that there has been</u> a <u>final judgment on the merits of the issue in the prior case</u>. <u>Hopewell Estates, Inc. v. Kent</u> 646 A.2d 1192 (Pa. Super. 1994); <u>Nevada v. U.S. et al</u> 463 U.S. 110 (1983).

    (c) The Seventh Claim For Relief was not alleged in the state lawsuit apparently because this information was not fully known to Plaintiff.

    (d)  Likewise, it is believed that some of the discriminatory acts practiced by Defendant against Plaintiff as outlined in the Fourth, Fifth and Sixth Claims For Relief had not materialized when Plaintiff filed her state lawsuit in February 2006.

    (e)  I invite the Court to carefully review Plaintiff's Brief, pages 4, 5 and 6, filed February 15, 2010, in particular the discussion relating to <u>Res Judicata, Supplemental Jurisdiction</u> and <u>Civil Rights</u> Actions.

    (f)  To the extent that aspects of Plaintiff's constitutional claims, particularly set forth in the First and Second Claims For Relief, had not materialized as of February 2006, when the state lawsuit was filed, res judicata does not apply. In particular, I am referring to the allegations found in Paragraphs 27(a)(b)(c)(d) and 32 of Plaintiff's federal lawsuit Complaint.

(8)  <u>In the Magistrate Judge's Text Order dated August 25, 2010, Plaintiff's proposed Amended Complaint was dismissed as futile on the grounds that the proposed amended claims failed to state a claim upon which relief could be granted.  This recommendation should not be accepted by the Court</u>.

First, if Plaintiff's Seventh Claim For Relief is allowed to be amended to include certain John Doe(s) including management, staff and personnel of Defendant and other unidentified persons who acted in their individual capacity in committing fraud, deception, misrepresentation, forgery and misled Plaintiff in connection with her efforsts to acquire and develop the property, a potential cause of action may lie against these Defendants per section 1983 (in their individual capacity) as well as section 1981. State officials may be sued in their individual capacities within the meaning of section 1983.  <u>Hafer v. Melo et al</u> 502 U.S. 21, 31 (1991).  Further, private individuals who acted in concert with or at the direction of the Defendant in violating Plaintiff's constitutional rights are possibly liable under section 1981 which reaches private acts of discrimination as well as public acts of discrimination.  Moreover, were the Court to embrace Plaintiff's views regarding the statute of limitation and res judicata, the Magistrate Judge's rationale for proposing dismissal on the grounds of futility would be invalid and incorrect.

Additionally, Plaintiff's constitutional and civil rights claims would be potentially viable.  The Third Claim For Relief would be potentially viable if this Court applied

the five (5) year statute of limitations or four (4) year statute of limitation as outlined herein.

<u>Relief Requested:</u>

Court is requested to do the following:

(a) conduct de novo review of Magistrate's Report;

(b) reject recommendations as discussed herein; and

(c) schedule oral argument or hearing and afford Plaintiff opportunity to adduce additional evidence in support of her claims.

Respectfully,

Caleb Nichols