**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEANINE M. McCREARY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 09-299 Erie |
| ) | District Judge McLaughlin |
| REDEVELOPMENT AUTHORITY OF ) | Magistrate Judge Baxter |
| THE CITY OF ERIE, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM ORDER**

This civil rights complaint was received by the Clerk of Court on December 1, 2009, and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Rules.

The Magistrate Judge's Report and Recommendation [ECF No. 25], filed on August 25, 2010, recommended that Defendant's motion to dismiss [ECF No. 5] be granted. It further recommended that Plaintiff's Third Motion for Declaratory Relief [ECF No. 15] be denied. Finally, it recommended that Defendant's Motion for Sanctions [ECF No. 21] be denied and that the Motion to Withdraw as Attorney [ECF No. 20], filed by Plaintiff's counsel, be dismissed as moot.

Plaintiff filed Objections to the Report and Recommendation [ECF No. 27] and Defendant filed a response thereto [ECF No. 29]. Defendant also filed Objections to the Report and Recommendation [ECF No. 28] addressing only the issue of sanctions.

In her Objections, Plaintiff argues that "[she] do[es] not believe it is correct or persuasive to conclude, as the Magistrate Report stated on page 6, that a claim accrues when the litigant knew or had reason to know of the injury, for the purpose of pursuing redress for violation of procedural due process as made actionable by section 1983." *See* Report and Recommendation, ECF No. 25 at p. 6; Plaintiff's Objections, ECF No. 27 at p. 6. However, it is well-established that a federal civil rights claim accrues at "the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." Montgomery v. DeSimone, 159 F.3d 120, 126 (3rd Cir.

1998) (quoting Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3rd Cir. 1991)). I agree with the Magistrate Judge that "all of Plaintiff's claims stem from her allegations that her property was wrongfully reclaimed by the Authority." *See* Report and Recommendation, ECF No. 25 at p. 6. As such, each of Plaintiff's federal civil rights claims accrued no later November 23, 2005, when the property was demolished. Since the present action was not filed until December 1, 2009, each of those claims[1] is untimely.

Plaintiff's Objections also contain several arguments related to the underlying merits of her federal civil rights claims. *See* Plaintiff's Objections, ECF No. 27 at pp. 3-6. Because the Magistrate Judge correctly determined that each of her federal claims is time-barred, Plaintiff's substantive arguments are without merit.

Plaintiff's remaining contentions relate to the Magistrate Judge's recommendation that the state law claims set forth in her Third and Seventh Claims for Relief be dismissed as untimely. The Magistrate Judge concluded that Plaintiff's breach of contract claim accrued on November 23, 2005, when the property at issue was destroyed, and that the four-year statute of limitations for breach of contract actions contained in 42 Pa.C.S.A. § 5525(a)(8) applied to her claims. Plaintiff, in her Objections, argues that her breach of contract claim did not accrue until October 23, 2006, when she received an unfavorable ruling in state court concerning the enforceability of the allegedly breached contract. She also contends that the Magistrate Judge erred in applying the four-year statute of limitations contained in 42 Pa.C.S.A. § 5525(a)(8) rather than a five-year statute of limitations contained in 42 Pa.C.S.A. § 5526.

Given the fact that our jurisdiction is based solely upon Plaintiff's federal claims, each of which are properly dismissed with prejudice, I decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims based on breach of contract and misrepresentation. "[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988) (quoting United Mine Workers of America v. Gibbs,

---

[1] Specifically, the federal claims asserted in Plaintiff's First, Second, Fourth, Fifth, and Sixth Claims for Relief are all time-barred.

383 U.S. 715, 725-27 (1966)). In general, "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." <u>Gibbs</u>, 383 U.S. at 726 (acknowledging that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims"); <u>Bright v. Westmoreland County</u>, 380 F.3d 729, 751 (3rd Cir.2004) ("[A]bsent extraordinary circumstances, where the federal causes of action are dismissed the district court should 'ordinarily refrain from exercising pendent jurisdiction [over the state law claims].' ") (quoting <u>Rolo v. City Investing Co. Liquidating Trust</u>, 845 F.Supp. 182, 215 (D. N. J.1993)). To that end, I decline to adopt the Recommendation of the Magistrate Judge with respect to the dismissal of Plaintiff's state law claims.

Turning to Defendant's Objections, Defendant contends that sanctions should be imposed pursuant to Rule 11 of the Federal Rules of Civil Procedure because Plaintiff's counsel knew that there were no facts or law to support the complaint or amendments. The Third Circuit Court of Appeals recently described the sanctions rule as follows:

> Rule 11 provides that attorneys may be sanctioned if they, among other things, fail to make a reasonable inquiry into the legal legitimacy of a pleading. A district court must determine whether the attorney's conduct was 'objectively reasonable under the circumstances.' Sanctions are to be applied only 'in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous.' Rule 11's 'primary purpose is not 'wholesale fee shifting but [rather] correction of litigation abuse.' It 'must not be used as an automatic penalty against an attorney or party advocating the losing side of a dispute,' and it 'should not be applied to adventuresome, though responsible, lawyering which advocated creative legal theories.'

<u>Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account</u>, ___ F.3d ___, 2010 WL 3239474, *12 (3rd Cir. 2010) (citations omitted). Here, I do not view this as an "exceptional circumstance" warranting Rule 11 sanctions. The positions espoused by Plaintiff's counsel, while legally weak, were not patently frivolous within the meaning of the rule.

For the reasons set forth herein, the following order shall be entered into the record:

AND NOW, this 28th day of September, 2010, following a *de novo* review of the record in this case, IT IS HEREBY ORDERED that the Report and Recommendation by Magistrate Judge

3

Baxter [ECF No. 25] is adopted in part and rejected in part.  Defendant's motion to dismiss [ECF No. 5] is granted with respect to the federal civil rights claims set forth in Plaintiff's First, Second, Fourth, Fifth, and Sixth Claims for Relief and, accordingly, those claims are dismissed with prejudice.  The state law claims set forth in Plaintiff's Third and Seventh Claims for Relief are dismissed without prejudice.

      IT IS FURTHER ORDERED that Plaintiff's Third Motion for Declaratory Relief [ECF No. 15] is denied; that Defendant's Motion for Sanctions [ECF No. 21] is denied; and that the Motion to Withdraw as Attorney [ECF No. 20], filed by Plaintiff's counsel, is dismissed as moot. The Clerk's Office is directed to close this case.

      /s/ Sean J. McLaughlin
      United States District Judge

cm: All parties of record.  __nk_